ERNEST R. LLOYD ET AL., APPELLEES, v. JOHN H. GUTGSELL, DOING BUSINESS AS JACK'S TRAILER SALES, APPELLEE, IMPLEADED WITH MOBILE HOME FINANCE COMPANY, A CORPORATION, APPELLANT.

126 N. W. 2d 224

Filed February 7, 1964. No. 35465.

See 175 Neb. 775, 124 N. W. 2d 198, for original opinion.

Crosby, Pansing, Guenzel & Binning and Donn E. Davis, for appellant.

Kerrigan, Line & Martin, for appellees Lloyd.

Paul E. Galter, for appellee Gutgsell.

Heard before CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

CARTER, J., dissenting.

On October 18, 1963, this court decided this case on its merits. Lloyd v. Gutgsell, 175 Neb. 775, 124 N. W. 2d 198. The defendant Mobile Home Finance Company filed a motion for rehearing and a brief in support thereof. On February 7, 1964, this court by summary order overruled the motion for a rehearing. I am not in accord with the disposition made of the motion for a rehearing, and I deem it necessary to note my dissent thereto.

I am in full accord with the conclusion reached by the opinion of the majority in this case. This dissent is directed at paragraph 7 of the syllabus which states: "Where a time sale price is determined by applying a

certain schedule of rates or charges to the cash price, the resulting product is interest." I submit that this is not a correct statement of the law as demonstrated by the opinion itself and that the offending syllabus point should have been clarified or withdrawn on rehearing.

The statement appears in the body of the court's opinion. But there it is properly limited by the further statement that: "When we look through the form, can we come to any other conclusion but the one that the difference between the price and what the buyer finally pays is the cost of carrying the balance of the cash price?" The correct rule in a transaction of this kind is that the court will look through its form and if it finds from all the facts and circumstances that the transaction is in fact a device or artifice to escape the penalties of usury, the contract will be held to be usurious. If the statement in paragraph 7 of the syllabus and the identical statement contained in the opinion is to be given its literal meaning, a serious departure from our previous holdings has taken place without overruling or even criticising our previous decisions.

The difficulty will arise in future cases of this nature when the court finds after looking through the form that the schedule of rates or charges is not in fact interest in excess of 9 percent. A holding of this court based solely on the language of paragraph 7 of the syllabus might raise serious questions involving the impairment of the obligation of contract clauses of the state and federal Constitutions. This constitutional question is without foundation in the present case in view of its holding that after looking through the form of the transaction the rates and charges made are found to be interest in excess of 9 percent. But if the effect of our opinion is to hold that any time sale price is void if arrived at by a fixed schedule of rates or charges, we have impaired the validity of time sale contracts where the rates and charges are not in fact interest in excess of 9 percent.

The very point was correctly determined in Powell v. Edwards, 162 Neb. 11, 75 N. W. 2d 122, wherein it is said: "It is also true that a time sale made in good faith at a price in excess of the cash price, even though the difference exceeds lawful interest for a loan, which price is arrived at by schedules furnished by a finance company which solicits contracts so entered into between a purchaser and a dealer, may not be regarded as being tainted with usury." This statement makes it clear that if the transaction is a bona fide time sale the use of a schedule of charges does not per se make it usurious. A schedule of rates and charges added to a cash price must be examined, together with all the circumstances of the case, to determine whether or not the transaction is in fact usurious. The offending paragraph of the syllabus states in definite and certain language that a schedule of charges in such a case is interest independent of the basic rule that every such transaction will be subjected to the scrutiny of the court by looking through the form to determine the substance.

I submit that a clarification of the opinion as misinterpreted by paragraph 7 of the syllabus should be made to avoid confusion in the future. It is the function of courts to correctly declare the law within the limits of human fallibility and to keep their holdings consistent as a means of avoiding misinterpretation or uncertainty on the part of those who seek to comply with them. The correction of error while the opportunity is present is much to be preferred over correction by subsequent opinion.

It is for the foregoing reasons that I voice my dissent to the overruling of the motion for a rehearing without a proper clarification of the rule announced in paragraph 7 of the syllabus. I can see no force in the argument that the retention of error will create less confusion than a corrected statement of the law involved.